Good morning, everyone. We're ready to get started on our first case of the day, 13-3748 U.S. v. Ortiz. Mr. Levine. Good morning, Your Honor. Good morning. May it please the Court, my name is Jeff Levine. I represent Reynaldo Ortiz. I was debating whether it was Levine or Levine. It's Levine. It's Levine, sorry. I answer to pretty much anything, Your Honor. Sorry. Hey, you is fine. We try to do better than that. Yeah, we want to get it right. Thank you. I've raised some issues regarding Mr. Ortiz's sentencing in the lower court. Our position on appeal is that the district court did not give enough attention to Mr. Ortiz's sentencing arguments. First and foremost, that Mr. Ortiz was entitled to receive credit for his full and truthful cooperation that he provided the government. The government requested his cooperation upon his arrest. He provided the operation. He provided the identification of the individual that he believed was the person that was the source of the narcotics. The agent testified before the court that Mr. Ortiz was helpful to the investigation. The government acknowledged that they attempted to follow up on the information provided. Mr. Ortiz gave the government full, truthful cooperation. He gave them all the information he had, and it's our position that he was entitled to the benefit of providing that cooperation. Well, you know, the government's big argument is that he was given the opportunity to come in to do a full safety valve proffer, and then he turned it down. And then in the post-sentencing documents that were filed, that proffer, he provided, was that new information? No, he didn't provide any new information. In fact, the government conceded that the information he provided was everything he told them prior. And there was an issue, there was technical issues for the reasons. At sentencing, the government's position was that Mr. Ortiz was not being truthful in his testimony, and that he was not his testimony, his affidavit that he provided with regard to a prior issue. And as the government's agent had previously testified that he had provided helpful information regarding the investigation, that he had, in fact, provided the full, truthful information that he had. It's our position that he was, in fact, sentenced as if he provided, he didn't cooperate. Well, it sounds like what you're challenging is a factual finding by the district court, right? Well, it's, in essence, the defendant did not meet his burden of showing that he complied with the full and truthful proffer requirement of the safety valve. In fact, because of the testimony of the agent, the agent testified that he did provide information that was helpful, identified the source. That's not the standard, right? Judge Gettleman knew what the standard was, and he said you hadn't met it without coming forward with the proffer. Right. It's our position that we did provide the cooperation. And we would have to find Judge Gettleman's assessment of that to be clearly erroneous to find in your favor, because once the safety valve is out of play, then the 120-month mandatory minimum comes into play, and all the other arguments pretty much fall by the side, don't they? Well, it's our contention that he, in this case, that he should be resentenced anyways, and that's because the district court really did not address all the sentencing arguments raised. Well, what's the point, though, of addressing your other arguments if he gets the mandatory minimum and the mandatory minimum applies? I mean, you can talk about all those issues, but it has no effect, right? It's our position he was entitled to, that the court should have considered these sentencing positions. Why didn't he make a formal proffer? He didn't make a proffer because the government's position prior to sentencing was that Mr. Ortiz was taking, by supplying an affidavit, he was taking a position contrary to what the agent had testified to. In trying to protect his wife, presumably. I'm sorry? In trying to protect his wife. No, no, no. He was taking a position, a preliminary position with regard to his arrest and detention, and that because his position was contrary to the agent's, that Mr. Ortiz was not being truthful, and he, therefore, shouldn't get acceptance of responsibility at that point. But then what about the wife? Because one of the government's arguments is that had he come in for the full proffer, they would have asked him about what she had been involved in and would have asked about the shooting. Because she, you know, she said she wasn't involved in it, but then she later admitted she was involved in it. That would be one thing the government would do. I understand, and he did provide subsequent, he did provide a full proffer. He provided everything he knew at the time the government interviewed him with regard to the offense. It's our position that by providing that upon the request of the government, he was entitled. What shows that Judge Gettleman's factual finding was clearly erroneous? Well, the testimony of the agent that Mr. Ortiz, that he asked him for cooperation, Mr. Ortiz decided to cooperate, and he provided the information to the government at that point. In my motion to correct the sentence, thereafter, after the proffer took place, we went through the full proffer. The government indicated that he had no further information. It's a frustrating situation. I can understand that, but that proffer has to be made before the sentencing. It's crystal clear from the statute. I don't believe that it is, Judge. I think it's 5C1.2 says prior to sentencing. That he provided cooperation. Right. He did provide cooperation prior to sentencing. Full and truthful. I'm sorry. Full and truthful. He did provide full and truthful information. The fact the government was not happy with it doesn't mean that it wasn't full and truthful information. It wasn't to the government's liking, the manner in which he did it, but he did provide full and truthful information prior to the sentencing. Thank you. All right. Thank you. Mr. Salib. May it please the Court, my name is Peter Salib, and I represent the United States. The district court did not clearly err in its factual finding by making the determination that the defendant did not provide full and truthful information, as Your Honor said, prior to the sentencing as the guidelines require. That factual finding was made after a lengthy sentencing hearing, numerous submissions in the record, and frankly, Your Honors, the defendant did not meet that burden, and the district court made that finding. So is it your position that even if someone gave a full statement immediately after the arrest, and then didn't have anything else to add, and so didn't come in, that that wouldn't qualify for a safety valve? Your Honor, I'm not taking that position explicitly. It would depend on the breadth and length of that statement. Well, let's assume that it was a full and complete statement, and it happened right after the person was arrested. Would you say that they'd still have to come in and do the proffer? Is that how you interpret this statute? Not if the government believed that the statement was full and truthful. If that was, in fact, the case, then it would arguably qualify under the guidelines, and the government would take a position consistent with that statement. If its investigation prior to sentencing bore that out, that there would be nothing else further. That's not the case here, namely in the defendant takes a contrary position to the Cicero Police Department reports about the threats that were allegedly made to the informant's family. In the defendant's post-arrest statement, he stated in Government Exhibit E that he went there to the informant's mother's home with his wife to ask about this pickup truck. The Police Department report completely contradicts that, and that the defendant took another person who went there, and they threatened the informant's family. But Judge Kettleman did not find obstruction, correct, and did give him acceptance responsibility? He did find obstruction. So it sounds as though Judge Kettleman believed Mr. Ortiz's version of that. The government's main position on obstruction, Your Honor, regarding that enhancement, was regarding to the affidavit in the suppression hearing. The defendant's affidavit, the government's position was, was false. The government didn't take the explicit position that the discrepancy in the threats or the dispute about that was reason for the obstruction. It was more that that was another reason that the defendant did not qualify for the safety belt provision because of the threats or potential threats of violence. I believe the district court made the obstruction ruling finding based on the affidavit was not to the level that the district court found rose to the level of obstruction. But the transcript makes it sound as though Judge Kettleman believed, credited Mr. Ortiz's version of what did or didn't take place at that home. Your Honor, my reading of the transcript is that he didn't make an explicit finding that there were threats of violence, but that's just one of the reasons the government put forth that didn't qualify. And ultimately, I believe that it, together with the fact that the defendant did not come in and give full and truthful, a more complete statement prior to the sentencing, I believe that's what the district court made its ruling and its finding on. Because that, there was other information the government could have followed up on. Namely, we could have asked the defendant about those threats if his position was contrary to what the police report said. We could have asked him further information about the fact of, did he actually know that his wife committed that shooting before his arrest? Because when the agents told him, your wife admitted to the shooting, he denied that she had any involvement, which is clearly contrary to her own statement and her own admission. And so therefore, there's a discrepancy in his post-arrest statement with what actually transpired in the facts leading up to his arrest. And those are the things, at minimum, the government would have explored in a full safety valve interview prior to the sentencing. But we were not given that opportunity because the defendant refused to come in. And so therefore, it's, yes, Your Honor. Well, I would think that it would be a pretty rare case in which an immediate post-arrest interview would completely satisfy the government, particularly if there's any kind of ongoing investigation, that there would be some other things you'd want to follow up on. You're getting information from other defendants who are cooperating, and the witnesses are providing information. You want to check it all against what the defendant has to say. I would also just note that in addition to the interesting Yiddish lesson about the difference between a shlemiel and a shlemazel, which was new to me, it did seem to me that Judge Gettleman was drawing some pretty nuanced lines here. Certainly the critical difference between something that's not accurate and something that's willfully perjured, which came up in the obstruction discussions. That's correct, Your Honor. Again, based on the fact that this investigation was very fast-moving over a period of a weekend, we didn't know that the Cicero Police Department reports even existed until after the arrest was made. When the agents started to connect the dots, that a shooting with the vehicle matching the description of the vehicle that showed up at the police station the next morning was in fact involved. And so there was a lot of pieces that were moving, and again, the agent's job in a post-arrest statement is to try to see if the defendant cooperates, as far as agent speak is concerned, is very different than what the guidelines promulgate as full and truthful. The guidelines don't say cooperate. The guidelines state full and truthful information. That's different than an agent's attempt at a post-arrest statement. And that's the distinction I believe the district court made and also this court has stated in Galbraith, which held that a post-arrest statement in that case was not enough. That was not full and truthful, and there was no clear error in that case. At the risk of picking nits here, would you agree that the issue here is actually a statutory one rather than a guidelines issue? We would, Your Honor. If there are no further questions, Your Honors, the government would ask that this court affirm the sentence and conviction. Thank you. Thank you, Mr. Salute. Thank you. Mr. Levine, how much time does he have? Three minutes, Mr. Levine. I believe the guidelines require full and truthful cooperation. The guidelines do not require the government's belief as to the full and truthful cooperation. This would be a heightened standard and a modification of the statute. Right. It depends on what the judge believes. Yes, in this instance, it would be an easy fix to resentence Mr. Ortiz in order for him to get the benefit of his full and truthful cooperation that he provided to the government. And see, if he had just given that cooperation the day of and then there was nothing else that came up in the government's investigation, you would be in a better position. But there were other things that came up that the government wanted to run down. And are you saying they're not entitled to find out that other information if they learned things during the course of the investigation and want to ask the defendant about it? Government counsel mentioned threats that were made. They didn't. This has to do with a sentencing issue with regard to Mr. Ortiz. It didn't have to do with the investigation of the crime, the drug importation. Mr. Ortiz gave full and truthful cooperation with regard to the drug importation. He identified the source by name. He gave the telephone number. He gave all the information he had with regard to what he was charged with. At the proffer, when he subsequently did proffer, the government wasn't concerned about any of that. They didn't ask any questions with regard to that. You don't think there's some indication that the threats were part of the same course of conduct or a common scheme or plan? There were no threats, Judge. There were no threats. And if there were threats, the government, if there was any evidence. I thought that was a contested factual issue. If there was any evidence. That the informant felt threatened. If there was any evidence that there was a threat, that Mr. Ortiz had any involvement in his wife's actions, the government would have brought in a witness to demonstrate it other than referencing a police report, a third-party police report at sentencing. If there was an actual threat, a credible threat, they would not have let a sentencing go by. And this is conjecture. They would not let a sentencing position go by without bringing in a witness or any proof. There was no proof of the threat. The threat didn't occur. It was a position the government was in. The government takes strong positions in these cases. This is a position the government took. Thank you. Thank you, Mr. Levine. Thank you, both counsel. We'll take the case under advisement.